| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:15-CR-114 (1) |
| | § | |
| DESHAWN PAUL HALL | § | |

## MEMORANDUM AND ORDER

Pending before the court is the government's Notice and Motion in Support of Admission of Defendant's Seven Prior Felony Convictions and Other Bad Acts Pursuant to Rule 404(b) (#88), wherein the government requests that the court admit the following prior convictions (their underlying facts and circumstances) and other identified intrinsic and extrinsic evidence:

a. Sexual Assault of a Child, a felony, on May 24, 1993, cause number 62707, in the Criminal District Court of Jefferson County, Texas;

b. Failure to Comply with Sex Offender Registration, a felony, on October 31, 2007, cause number 95736 in the 252nd Criminal District Court of Jefferson County, Texas;

c. Possession of a Controlled Substance, namely, cocaine, a felony, on November 26, 2012, cause number 13781, in the Drug Impact Court of Jefferson County, Texas;

d. Possession of a Controlled Substance, namely cocaine, a felony, on November 5, 2009, cause number 09542032 in Dallas County, Texas;

e. Failure to Register as a Sex Offender, a felony, on November 5, 2009, cause number 0954018 in Dallas County, Texas; and

f. Possession of a controlled substance, namely, methamphetamine, a state jail felony, on October 22, 2008, and

g. Possession of a controlled substance, namely, cocaine, a felony, on October 12, 2012, cause number 1259161, in Dallas County, Texas.

Extrinsic evidence under Rule 404(b) is admissible if: (1) it is relevant under Rule 401 to an issue other than the defendant's character, and (2) its probative value is not substantially outweighed by its prejudicial effect under Rule 403. *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013); *United States v. Hamilton*, 723 F.3d 542, 547 (5th Cir. 2013); *Crawley*, 553 F.3d at 354; *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007); *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied*, 440 U.S. 920 (1979).

The court is unable to make a definitive determination at this time as to the admissibility of each of the aforementioned convictions and/or acts without further information. *Edwards v. Mendoza*, No. C-08-371, 2010 WL 4007601, at *1 (S.D. Tex. Oct. 12, 2010) ("Evidentiary rulings . . . should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context.") (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975)). The parties should be prepared to discuss the admissibility of these matters at the final pretrial conference.

SIGNED at Sherman, Texas, this 25th day of August, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE